AGAN *v.* RICE, REGISTRAR.

[Cite as Agan v. Rice, 17 Ohio Misc. 1.]

(No. 68-101—Decided August 28, 1968.)

Shaker Heights Municipal Court.

*Mr. J. Ross Haffey* and *Mr. Wm. J. Coyne* of Cuyahoga County Prosecutor's Office.

ROCKER, J. Section 4511.191, Revised Code, which became effective on March 10, 1968, provides among other items that any person who operates a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if arrested for the offense of driving while under the influence of alcohol.

Other provisions of the statute require the arresting police officer to request such test from any person the officer has reasonable grounds to believe was operating a motor vehicle while under the influence of alcohol. Upon refusal to submit to such test, notice of such refusal to the Registrar of Motor Vehicles authorizes the registrar to revoke driving privileges for a period of six months.

Provision is made for filing a petition for judicial review of the registrar's order of revocation, however the statute provides that such review must be confined to four issues: 1. Whether a police officer had reasonable grounds to believe the person had been driving a motor vehicle upon the public highways in this state while under the influence of alcohol; 2. Whether the person was placed under arrest; 3. Whether he refused to submit to the test upon request of the officer, and 4. Whether he was advised of the consequences of his refusal.

In the instant case, the court finds that the arresting officer did have reasonable grounds to believe that the petitioner herein was operating a motor vehicle upon the public highways in this state while under the influence of alcohol.

The court finds further that the petitioner was placed under arrest, although formal charges were not filed at the time of arrest. The court finds that petitioner was stopped at approximately 2:19 a. m. on April 18, 1968, at the intersection of interstate highway 271 and state highway 422 by order of Patrolman John Joyce, a police officer of the city of Beachwood, Ohio. Said highways are public highways in the state of Ohio.

The court finds further that petitioner was advised of the consequences of a refusal to submit to any one of the three tests offered.

The only question with which the court finds itself concerned is as to whether petitioner did, in fact, refuse to submit to such test.

It is the contention of petitioner that his request to have his attorney present during making of any test did not constitute a refusal. The evidence indicates that the arresting officer afforded the opportunity to petitioner to summon his attorney; that the attorney by telephone notified the officer that he was going to appear before a period of two hours would have elapsed from the time of the arrest, said two-hour period being the time limit set forth by Section 4511.19, Revised Code, as the maximum time allowed for making such a test as being an effective indication of state of intoxication.

The court finds from the evidence that petitioner's attorney did appear at the Beachwood Police Station within two hours of the time of arrest. The record, however, does not indicate that said petitioner at that time acceded to the request made earlier by the officer, and the court therefore finds that with advice of counsel said petitioner effectively continued his refusal to submit beyond the two-hour limit permitted.

The order of the registrar is affirmed.

*Order affirmed.*